

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
PRICE DANIEL
XXXXXXXXXXX
ATTORNEY GENERAL

Honorable Royall R. Watkins
Member, State Board of Education
1801 Main Street
Dallas, Texas

Dear Sir:

Opinion No. O-5651
Re: Authority of State Treasurer
to make payments from the
Available Free School and
State Textbook Funds without
the approval of the State
Board of Education.

Your letter of September 25, 1943, requesting an opinion of this department reads as follows:

"In the Appropriation Bill passed by the last Legislature appropriating monies for the Executive and Administrative Departments, which was called Senate Bill No. 552, but it is now Chapter 400 of the General and Special Laws of the 1943 regular session of the 48th Legislature, and we find on page ninety-two of said laws, certain itemized sums set forth which were appropriated to the State Board of Education and at the bottom of page 442, we find this:

"'There are appropriated——to the State Board of Education all income to, and balances in, the Available School Fund and the Textbook Fund' etc.——

"Likewise, salaries for such employees of the Textbook Division are itemized as well as maintenance and miscellaneous items so appropriated for the Textbook Division, also a provision that said monies are to be paid out of the State Textbook Fund, and there are further provisions as to the additional expenditures of the said Textbook Fund.

"Articles No. 2867 to No. 2870 inclusive, of the Revised Civil Statutes of Texas, clearly define the duties of the State Board of Education with reference to the matter of the Available Free School Fund and the State Textbook Fund, and other funds, as well as the disposition of the same.

"Question: 'Can the Treasurer of the State of Texas legally make any payments out of these two funds, Available and State Textbook Funds, so appropriated to the State Board of Education for such purposes as are itemized in said Appropriation Bill, or otherwise, without the approval, order or authorization of the State Board of Education?'"

We are unable to understand your reference to "page ninety-two of said laws" since this page of the laws to which you refer deals with matters unrelated to education. However, we assume that the itemized appropriation items to which your question relates are those which are made to the Textbook Division of the State Department of Education, and we shall discuss your question on the basis of this assumption.

The Departmental Appropriation Act, S. B. 322, Acts of the 46th Legislature, R. S., in Items 60-67, inclusive, of the appropriation to the State Department of Education lists certain appropriations for salaries and expenses, which appropriations are to be paid out of the State Textbook Fund, and appends the following rider:

"This appropriation shall be as above provided and no other salary or expenditure shall be paid for any purpose other than those itemized herein.

Hon. Royall R. Watkins, Page 3

"Available School Fund Aid and
Textbook Administration

"For the purpose provided by law, there
are appropriated for the biennium ending August
31, 1943, to the State Board of Education all
income to, and balance in, the Available School
Fund and the State Textbook Fund, except as
otherwise appropriated by this Legislature, to
be expended and distributed in accordance with
the laws of this State, provided that textbooks
may be purchased and rebound only from funds
arising from the State ad valorem school tax.

"It is hereby provided that any amount
expended for Textbook Administration, including
new textbooks, rebinding, and any other expenses
connected therewith, shall be paid out of the
State Textbook Fund.

"It is further provided that the amounts
to be expended for new textbooks and rebinding
books shall be as fixed by the State Board of
Education; provided, however, that no employees,
in addition to those listed and itemized above,
shall be employed.

"All employees in the Textbook Division of the
Education Department shall be appointed or removed
by the State Superintendent of Public Instruction
subject to the approval of the State Board of Educa-
tion. Provided, however, that should Senate Bill No.
168, Acts Regular Session, 45th Legislature, become
a law, all employees in this Section shall be ap-
pointed or removed by the State Board of Education
or as they may direct."

Since, with the exception of the last sentence, this
rider is identical with those appearing in the appropriation
Acts for the last two biennia, we feel that the following opin-
ions of this department, written with reference to the prior
Acts, furnish an answer to your question.

In our Opinion No. O-561 (Conference Opinion No. 3001), enclosed herewith, we reviewed the history of the constitutional and statutory provisions relating to the provision of free textbooks and concluded that none of these provisions, including Articles 2867-2870, V.A.C.S., operates to vest free and uncontrolled authority over the State Textbook Fund in the State Board of Education and that such authority rests solely in the legislature. Thus we held in said opinion that, notwithstanding the desire of the State Board of Education to hire additional employees to aid in the distribution and purchasing of textbooks, the legislature possesses the power to prohibit the employment of such persons and to forbid the use of monies from the State Textbook Fund for the purposes of such employment, and we further held that the legislature had exercised such power in the Act there under consideration.

Also in point are our Opinions O-2458 and O-2790, enclosed herewith. In the former of these opinions, the legislature had made a specific appropriation of $23,360.00 for the rebinding of school books and your Board desired to spend additional sums from the State Textbook Fund for this purpose. In our opinion we pointed out that in addition to this itemized appropriation, a specific appropriation of the income and balance in the Available School Fund and the State Textbook Fund was made to your Board "to be expended and distributed in accordance with the laws of this State." Because of such appropriation we concluded that:

> ". . . the Legislature intended that the State Department of Education should have specific authority to expend not to exceed $23,360.00 per annum for rebinding, such authority to be derived directly from the Legislature by virtue of the appropriation made of that amount; but that amounts to be expended for rebinding out of the balance in the fund, over and above the $23,360.00, should be as fixed and determined by the State Board of Education."

In the latter of the two opinions mentioned above we held upon like authority that the Board was empowered to expend

amounts from the State Textbook Fund over and above the itemized appropriation for the purpose of paying freight on used textbooks.

The cumulative effect of these opinions is, we feel, that, subject to constitutional restrictions on these funds, the legislature possesses plenary powers over expenditures from the Available and Textbook Funds and that it may exercise such power either by making itemized appropriations in the usual manner, by delegating such power to the State Board of Education to be exercised in accordance with law, or, as is the usual and present practice, by a combination of both methods. Insofar as the legislature has itself exercised this power-- as it has done in the itemized appropriations--we feel that such exercise is final and that it is neither conditioned upon nor dependent upon the approval of the State Board of Education. Consequently, you are respectfully advised that the State Treasurer may legally pay out the amounts of the itemized appropriations without the approval, order or authorization of the State Board of Education.

It will be noticed that approval by the State Board of Education is made a prerequisite to the appointment of employes in the Textbook Division of the Department of Education. Such approval is, of course, necessary to the appointment of these employees; however, once the employees are so appointed and their salaries properly fixed, no further approval by the Board is necessary to authorize the State Treasurer to pay the salaries out of funds specifically appropriated for such purpose.

Apart from the itemized appropriations, the balances in the Available and Textbook Funds are appropriated to the Board "to be expended and distributed in accordance with the laws of this State." With respect to the Available Fund, Article 2665 V. A. C. S., provides a method of making apportionments thereof among the various schools of the State, and such method must be followed by the Board. With respect to any other appropriations which may legally be made from such fund, it is our opinion that approval by the Board of the amounts and purposes of such expenditures is indispensable to their validity, and that the Treasurer may pay out such funds only when such approval has been given.

With respect to the Textbook Fund, Articles 2650-2876j V. A. C. S., provide a detailed system whereby the Board is authorized to contract for the purchase of textbooks and is authorized to approve rules made by the State Superintendent for the requisition, distribution, care, use and disposal of such books. Once the contracts have been made and the books have been requisitioned and distributed in accordance with the rules and regulations approved by the Board, Article 2876 provides:

"Bills for textbooks purchased by the State on requisitions as provided for in Article 2876a shall be paid by warrants on the State Treasury made by the Comptroller on receipt of bills approved by the State Superintendent of Public Instruction. Such payment shall be made within ninety days from date of delivery, and if payment be delayed thereafter, six per cent. per annum shall be added until date of payment."

In our opinion this Article vests the ministerial task of approving bills for textbooks in the State Superintendent, and payment of such bills may be made without their further approval by the Board.

With respect to additional expenditures from such fund, such as additional expenditures for rebinding and freight, it is our opinion that approval by the Board is necessary and that such expenditures may be made only on the basis of such approval.

Trusting that the foregoing satisfactorily answers your inquiries, we are

APPROVED Oct. 14, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:fo